**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MERSHELLA BROWN**                                                         **PLAINTIFF**

                                                                                      **NO. 4:19CV00174-JMV**

**ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

**OPINION AND ORDER DENYING MOTION
TO ALTER OR AMEND JUDGMENT**

This cause is before the Court on Plaintiff's motion [22] to alter or amend the September 28, 2020, Final Judgment [19], brought pursuant to FED. R. CIV. P. 59(e). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having considered the briefing of the parties and applicable law, finds the motion is not well taken for the reasons set out below.

**Rule 59(e)**

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Group. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003)).

A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

### Judicial Review of Social Security Cases

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen,* 862 F.2d 471,

475 (5th Cir. 1988). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994).

## Discussion

Here, Plaintiff essentially rehashes the arguments that her diabetic ulcers met listing 8.04 and the ALJ failed to deem the condition a severe impairment. These arguments were adequately debunked in the Commissioners initial brief [15]. Beyond presenting a chronology of various types of wounds on her right lower extremity, Plaintiff points to no evidence she had *chronic* "extensive fungating or extensive ulcerating skin lesions"—as defined by the listing—that persisted despite continuing treatment *as prescribed* for the requisite period.[1] Furthermore, Plaintiff failed to show any prejudice from the ALJ's failure to deem her "reoccurring diabetic ulcers a severe impairment," i.e., she failed to point to evidence in the record supporting a more restrictive residual functional capacity finding. Therefore, because Plaintiff has failed to point to any manifest error in the Court's ruling, the instant motion is not well taken and is DENIED.

SO ORDERED this 24th day of November, 2020.

/s/ Jane M. Virden
U.S. Magistrate Judge

---

[1] *See Audler v. Astrue*, 501 F.3d 446, 449 (5th Cir. 2007) (supporting the proposition that remand is not required where an ALJ fails to set out the basis for his Step 3 decision if the plaintiff fails to show she met her burden of demonstrating she meets a listing). Furthermore, the Court should also point out that Plaintiff's counsel's suggestion during oral argument that the subject listing has "a more narrow durational requirement than are typically a part of this program" is misplaced and unsupported by any authority. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 8.00 (C)(2) ("We will consider how frequent and serious your flare-ups are, how quickly they resolve, and how you function between flare-ups to determine whether you have been unable to do any gainful activity for a continuous period of at least 12 months or can be expected to be unable to do any gainful activity for a continuous period of at least 12 months. We will also consider the frequency of your flare-ups when we determine whether you have a severe impairment and when we need to assess your residual functional capacity.")